IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.  CAUSE NO. 1:19CR107-LG-RHW-1

**LAMAR MCDONALD**

ORDER DENYING MOTION FOR REVIEW
AND APPEAL OF DETENTION ORDER

**BEFORE THE COURT** is the defendant Lamar McDonald's [121] Motion for Review and Appeal of the [49] Order of Detention Pending Trial entered on September 13, 2019, by the United States Magistrate Judge. The defendant seeks de novo review of the Order of Detention pursuant to 18 U.S.C. § 3145(b). After conducting a de novo review of the Magistrate Judge's findings and conclusions, the defendant's Motion, the report and findings of the Pretrial Services Officer, the record in this matter, and the applicable law, the Court finds that the defendant's Motion should be denied.

BACKGROUND

The defendant was indicted by a grand jury on July 24, 2019, with conspiracy to possess with intent to distribute cocaine, a Schedule II controlled substance. The defendant appeared before the Magistrate Judge for a detention hearing on September 13, 2019. The Magistrate Judge determined that detention was warranted after finding, by a preponderance of the evidence, that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. The defendant filed the present Motion seeking review of

the Order of Detention, asserting that he is at increased risk of death or serious health complications if he contracts COVID-19. He further asserts that he "believes that he is at greater risk to be infected in a jail setting versus being cared for at a residence (i.e., possibly in Biloxi, Mississippi) where he will remain until resolution of this case" because he suffers from "a hiatal hernia, gastroesophageal reflux disease without esophagitis, billary [sic] dyskinesia and chronic cholecystitis, anxiety, dilated esophagus, and panic attacks." (Def.'s Mot., at 2, ECF No. 121.) This case is set for trial on June 29, 2020.

## DISCUSSION

"If a person is ordered detained by a magistrate judge, . . . the person may file . . . a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). "When the district court acts on a motion to revoke or amend a magistrate's pretrial detention order, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions for release." *United States v. Rueben*, 974 F.2d 580, 585 (5th Cir. 1992) (citing *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985)). A judicial officer may order a defendant detained pending trial upon a finding by a preponderance of the evidence that "no condition or combination of conditions will reasonably assure the appearance of the person," or by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community." 18 U.S.C. § 3142(e); *see Fortna*, 769 F.2d at 250.

> An assessment of whether conditions of bond will reasonably assure a defendant's appearance must take

> into account: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence; (3) the defendant's history and characteristics including, among other things, his family ties, length of residence in the community, community ties, and past conduct; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

*United States v. Acosta-Leyva*, 751 F. App'x 594, 595 (5th Cir. 2019) (citing 18 U.S.C. § 3142(g)). Where, as here, there is probable cause to believe that the defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community. *See* 18 U.S.C. § 3142(e)(3)(A).

The defendant previously committed parole violations on two separate occasions. He has a lengthy criminal history, including three prior felony convictions for controlled substance offenses in three different states. Therefore, after conducting the required de novo review of the factors set forth in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence that the defendant is a danger to the community. The Court further finds by a preponderance of the evidence that the defendant is a flight risk. No condition or combination of conditions will reasonably assure the safety of the community or the presence of the defendant.

Finally, motions for release in light of the COVID-19 pandemic have been considered under the "compelling reason" prong of § 3142(i). Courts using this

approach have found that generalized COVID-19 fears and speculation are insufficient to meet this prong and have instead looked to the specificity of the defendant's concerns in order to make an individualized determination of whether temporary release is warranted. *See United States v. Dunn*, No. 3:19-CR-503-X, 2020 WL 1862567, (N.D. Tex. Apr. 13, 2020); *United States v. Sanchez,* No. 1:19-CR-152, 2020 WL 1814159, at 3–5 (M.D. Pa. Apr. 9, 2020); *United States v. Martin*, No. PWG-19-140-13, 2020 WL 1274857, at 3 (D. Md. Mar. 17, 2020). Assuming that the COVID-19 pandemic justifies considering the risks to a defendant's health and well-being in making a detention determination, this defendant has not demonstrated that his particular conditions and assumed risk to his health and well-being – especially when weighed against the risk that the defendant may flee or endanger the community – justifies his release.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** the defendant Lamar McDonald's [121] Motion for Review and Appeal of the [49] Order of Detention Pending Trial entered on September 13, 2019 is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 20th day of May, 2020.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE