IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.  CAUSE NO. 1:19cr107-LG-RPM-1

**LAMAR McDONALD**

<u>**ORDER DENYING DEFENDANT'S MOTION FOR BILL OF
PARTICULARS, MOTION TO DISMISS, AND MOTION TO SUPPRESS**</u>

**BEFORE THE COURT** are Defendant Lamar McDonald's [166] Motion for Bill of Particulars, [170] Motion to Dismiss Count 1 of Superseding Indictment, and [171] Motion to Suppress Information Derived from a Pen Register, Trap and Trace Device, Etc.  The Government has filed a response in opposition to the Motions.  After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the Motions should be denied.

## BACKGROUND

The original indictment, which was filed in this case on July 24, 2019, charged McDonald and four other individuals — Joseph McMillan, Fidencio Omar Rodriguez-Valdez a/k/a Miguel Joaquin Espinoza-Reyna, Oscar Tijerina-Cruz, and Nestor Marcelo Campos-Ramenthol — with conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1).  All the other charges in the indictment concerned McDonald's alleged co-conspirators.  McMillan, Rodriguez-Valdez, Tijerina-Cruz, and Campos-Ramenthol have each pled guilty to various charges in the original indictment.  On June 23, 2020, a superseding indictment was returned that only names McDonald as a defendant.  Count 1 alleges:

-2-

>That from sometime in and around 2017, in Harrison County, in the Southern District of Mississippi and elsewhere, the defendant LAMAR MCDONALD, did knowingly and intentionally conspire, with others known and unknown to the Grand Jury, to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B) and (C).
>    All in violation of Title, [sic] 21, United States Code, Section 846.

(Redacted Superseding Indictment, at 1, ECF No. 142.) Count 2 charges McDonald with possession with intent to distribute a mixture or substance containing a detectable amount of cocaine. Counts 3 and 4 allege that he attempted to distribute methamphetamine. Count 5 alleges that he possessed with the intention to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine. This matter has been continued multiple times due to the COVID-19 pandemic, but the trial is currently scheduled to take place during the Court's October 2020 trial calendar.

## DISCUSSION

## I.  MCDONALD'S MOTION FOR BILL OF PARTICULARS

"The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." Fed. R. Crim. P. 7. McDonald argues that Count 1 of the superseding indictment is unclear as to "whether McDonald is charged with possessing 500 grams of cocaine and methamphetamine in combination or 500 grams of cocaine and separately 500

grams of methamphetamine." (Def.'s Mot., at 1, ECF No. 166.) The Government counters that

> [t]he indictment clearly states out the statutory amount of 500 grams or more of cocaine and, in this multi-object conspiracy, a detectable amount of methamphetamine (i.e. any amount). The indictment further provides the penalty provisions, which are based on drug quantity. 21 U.S.C. § 841(b)(1)(B) refers to the cocaine quantity and 21 U.S.C. § 841(b)(1)(C) refers to the methamphetamine quantity.

(Gov't's Resp., at 1, ECF No. 175.)

A bill of particulars is "not required if a defendant is otherwise provided . . . with sufficient information to enable him to prepare his defense and avoid surprise." *United States v. Moody*, 923 F.2d 341, 351 (5th Cir. 1991). To the extent that the superseding indictment may have been unclear, the Government has provided clarification in its Response to McDonald's Motion. Therefore, a bill of particulars is not required, and McDonald's Motion is denied.

## II. MCDONALD'S MOTION TO DISMISS COUNT 1 OF SUPERSEDING INDICTMENT

McDonald argues that Count 1 of the Superseding Indictment should be dismissed because he claims the indictment lacks sufficient detail regarding the time frame of the conspiracy and the identity of the alleged co-conspirators. "The indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government." Fed. R. Crim. P. 7(c)(1). "An indictment must allege each element of the charged offense, in order to [e]nsure that the grand jury finds probable cause that the defendant committed each element, to prevent double

jeopardy, and to provide notice to the accused." *United States v. Bishop,* 264 F.3d 535, 545 (5th Cir. 2001). The Fifth Circuit has held that

> [a]n indictment is legally sufficient if (1) each count contains the essential elements of the offense charged, (2) the elements are described with particularity, and (3) the charge is specific enough to protect the defendant against a subsequent prosecution for the same offense.

*United States v. Blevins*, 755 F.3d 312, 319 (5th Cir. 2014) (quotation omitted). "[A]n indictment which follows the language of the statute under which it is brought is sufficient to give a defendant notice of the crime of which he is charged." *United States v. Massey*, 849 F.3d 262, 264 (5th Cir. 2017) (quoting *United States v. Thomas*, 348 F.3d 78, 82 (5th Cir. 2003)). The precise dates on which the defendant committed the alleged acts are not necessary, *United States v. Ellender*, 947 F.2d 748, 756 (5th Cir. 1991), and "[c]o-conspirators need not be identified in the indictment." *United States v. Fernandez*, 559 F.3d 303, 327 (5th Cir. 2009) (citing *Thomas*, 348 F.3d at 82-84)).

The superseding indictment provides sufficient information concerning the time frame of the alleged conspiracy, because it states that conspiracy took place "sometime in and around 2017." (Redacted Superseding Indictment, at 1, ECF No. 142.) In addition, although the superseding indictment was not required to name the alleged co-conspirators, the original indictment identified several alleged co-conspirators by name. These individuals pled guilty before the superseding indictment was filed. Therefore, the superseding indictment gives McDonald

sufficient information to enable him to prepare for trial and to protect him from double jeopardy. McDonald's Motion to Dismiss is denied.

### III. MCDONALD'S MOTION TO SUPPRESS INFORMATION DERIVED FROM A PEN REGISTER, TRAP AND TRACE DEVICE, ETC.

McDonald alleges that a court-authorized trace was placed on a telephone number "to investigate a drug distribution network or conspiracy involving Neston [sic] Comapus [sic], Hugo Mendoza, Fidencio Rodriguez, Joseph McMillian [sic], and [McDonald]." (Def.'s Mot., at 1, ECF No. 171.) McDonald claims he was arrested as a result of conversations between McMillan and McDonald that were captured by the trace. McDonald argues that all information derived from the order permitting the trace should be excluded at trial, because he claims that "the superseding indictment does not charge a conspiracy involving the participants in the first indictment." (*Id.* at 2.) McDonald claims that the original indictment naming his alleged co-conspirators was dismissed when the superseding indictment was filed.

The Government has clarified that drug transactions between McMillan and McDonald were captured by a Title III wiretap that was placed on McMillan's phone. As a result, a pen register was placed on McDonald's phone on December 8, 2017. Based on information obtained from the wiretap on McMillan's phone and the pen register on McDonald's phone, the Court authorized a Title III wiretap on McDonald's phone on December 29, 2017. The Government has represented to the Court that McMillan is one of the alleged co-conspirators referenced in the superseding indictment.

The original indictment was not dismissed when the superseding indictment was filed. All of McDonald's alleged co-conspirators named in the original indictment have pled guilty and are awaiting sentencing on charges in the original indictment. McDonald has not provided any basis for suppressing information obtained from the pen register or wiretaps. As a result, his Motion to Suppress is denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendant Lamar McDonald's [166] Motion for Bill of Particulars, [170] Motion to Dismiss Count 1 of Superseding Indictment, and [171] Motion to Suppress Information Derived from a Pen Register, Trap and Trace Device, Etc., are **DENIED**.

**SO ORDERED AND ADJUDGED** this the 11th day of September, 2020.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE