**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                                          **CRIMINAL NO. NO. 1:19CR107-LG-RPM-1
CIVIL NO. 1:25CV241-LG**

**LAMAR MCDONALD**

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
<u>MOTION TO VACATE UNDER 28 U.S.C. § 2255</u>**

Defendant Lamar McDonald has filed a [331] Motion to Vacate Sentence under 28 U.S.C. § 2255 based on ineffective assistance of counsel.  The Court received the [331] Motion and supporting [332] Memorandum on August 5, 2025, but McDonald claims that he provided his Motion to prison officials for mailing on September 29, 2024.  Pursuant to the Court's [333, 334] Orders, McDonald's former attorney filed an [335] Affidavit, and the Government filed a [336] Response to McDonald's Motion.  The Court also entered an [339] Order granting McDonald additional time to submit evidence proving that his Section 2255 Motion was timely filed.  *See Thompson v. Rasberry*, 993 F.2d 513, 515–16 (5th Cir. 1993).  However, McDonald did not file a response or any additional evidence.  After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that McDonald's Motion should be denied as untimely.

**BACKGROUND**

On July 24, 2019, a grand jury indicted McDonald and four other individuals pursuant to 21 U.S.C. § 846 for one count of conspiracy to possess with intent to

distribute cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1). McDonald's co-defendants were also charged with fifteen additional counts that primarily concerned distribution of controlled substances, but three of them pled guilty in June 2020, and one pled guilty in July 2020.

On June 23, 2020, a federal grand jury returned a superseding indictment charging McDonald with one count of conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846, two counts of possession with intent to distribute a controlled substance (Aiding & Abetting) in violation of 21 U.S.C. § 841(a)(1), and two counts of attempt to distribute a controlled substance (Aiding & Abetting) in violation of 21 U.S.C. § 846.

A jury convicted McDonald of all charges. On February 3, 2022, the Court entered a Judgment sentencing McDonald "as to Count 1s, 2s, 3s, 4s, and 5s of the Superseding Indictment, with all terms of imprisonment to be served concurrently with one another for a total term of [360] months." Judgment [277] at 3. The Court also sentenced McDonald to serve an eight-year term of supervised release as to Counts 1s and 5s, and a six-year term of supervised release as to Counts 2s, 3s, 4s, to be served concurrently with one another. The Court further imposed a $500.00 assessment.

McDonald filed a [278] Notice of Appeal on February 6, 2022. The United States Court of Appeals for the Fifth Circuit affirmed McDonald's conviction and sentence on April 4, 2023. McDonald next filed a petition for certiorari with the United States Supreme Court, which was denied on October 2, 2023.

On October 21, 2023, McDonald signed a [315] Motion requesting a copy of his "discovery packet" and other relevant documents and a [316] Motion requesting a copy of the docket sheet.  The Court denied those Motions on November 2, 2023.

Next, McDonald sent a letter to the Clerk of Court on July 7, 2025, requesting a copy of the docket sheet and requesting "the status of a 28 U.S.C. § 2255 motion that was filed with the Court in 2024."  Letter [330].  He further stated:

> I have not received any communication from the Court as to any "ORDER TO SHOW CAUSE" that may have been served[ ] on the U.S. Attorney.  If said ORDER has been issued by the Court, please forward me a copy and any response from the U.S. Attorney to my attention at the new address above.

*Id.*  A Deputy Clerk sent McDonald a Memorandum informing him of the copy cost for the docket sheet and notifying him that "[t]here is no record of a Motion to Vacate on file in your case."  Mem. [330-2].

The Court received McDonald's § 2255 Motion on August 5, 2025.  He alleges that his former attorney provided ineffective assistance of counsel because he:

> failed to provide guidance as to possible sentence exposure, elements necessary for the [Government] to secure a conviction, consequences of rejecting the [Government's] plea offer, and completely explore the ranges of penalties, including any sentence enhancements, along with the structure and basic content of the Federal Sentencing Guidelines.

Mot. [331] at 4.  He further states, "If not for Counsel's deficient performance, [petitioner] would not have proceed[ed] to trial and accepted the [Government's] 1st plea offer of 0-20 [years], with no § 851 enhancement."  *Id.*

In the section of the § 2255 Motion that states, "TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion," Defendant states:

> U.S. Supreme Court Certiorari denied by McDonald v. United States, 144 S. Ct. 182, 217 L. Ed. 2d 72, 2023 U.S. Lexis 3324, 2023 WL 6378473 (U.S. Oct. 2, 2023), instant § 2255 given to prison authorities on September 29, 2024, thus, the instant § 2255 is timely.

Def.'s Mot. [331] at 12.[1]  McDonald provided an unsworn declaration under penalty of perjury that he placed his § 2255 Motion in the prison mailing system on September 29, 2024.  *Id.* at 13.[2]  He attached the July 17, 2025, Memorandum from the Deputy Clerk as an exhibit to the Motion.

When McDonald filed his Motion, he also filed a [332] Memorandum and an unsworn [332-1] Affidavit that he signed on July 24, 2025.  In the Memorandum, he states that his Motion is timely pursuant to the prison mailbox rule.  He argues, "The instant memorandum of law in support of the timely-filed § 2255 motion give this Honorable Court jurisdiction to open the way for relief requested utilizing 'equitable tolling[.]'"  Def.'s Mem. [332] at 2.

---

[1] The fact that Defendant responded to this portion of the Motion raises the question of whether he truly signed the Motion and presented it to prison officials in September 2024.  Specifically, he was only required to complete this section "[i]f [his] judgment of conviction became final over one year ago."  *See id.*

[2] This declaration is included on the Court's form AO 243.  McDonald has not clarified whether the [331] Motion that is in the Court record is a copy of the Motion he claims he filed in September 2024, or whether he backdated the [331] Motion.

## DISCUSSION

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).  "Relief under . . . § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994) (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)).  Motions filed under § 2255 must be filed within one year of the date on which the judgment of conviction becomes final.  28 U.S.C. § 2255(f)(1).

## I.  THE PRISON MAILBOX RULE

A motion filed by an inmate is timely if placed in the prison's internal mailing system on or before the last day for filing.  Rule 3(d), Rules Governing Section 2255 Proceedings in the United States District Courts; *see also United States v. Duran*, 934 F.3d 407, 412 (5th Cir. 2019) ("Under the prison mailbox rule, a pro se prisoner's pleading is considered filed when the document is placed in the prison mailing system.").  "Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid."  Rule 3(d), Rules Governing Section 2255 Proceedings.  McDonald's Declaration complies with 28

U.S.C. § 1746, but McDonald does not "state that first-class postage has been prepaid." *See* Rule 3(d), Rules Governing Section 2255 Proceedings.

The prison mailbox rule "applies once it is established that the prisoner gave prison officials the pleading for mailing, irrespective of whether the document reaches its intended recipient." *Duran*, 934 F.3d at 412. A defendant has the burden of demonstrating when he gave his § 2255 Motion to prison officials for mailing. *Id.*

> [T]he mailbox rule does not relieve a prisoner of the responsibility of doing all that he or she can reasonably do to ensure that documents are received by the clerk of court in a timely manner. Accordingly, failure to stamp or properly address outgoing mail or to follow reasonable prison regulations governing prisoner mail does not constitute compliance with this standard and thereby does not entitle one's submission to the benefits of the mailbox rule.

*Medley v. Thaler*, 660 F.3d 833, 837 (5th Cir. 2011) (citation modified).

"[I]n cases where the pro se prisoner's post-conviction motion is not received, the petitioner must submit a sworn statement *and some evidence* to support his claim that he timely delivered the filing to a prison official . . . ." *Ray v. Clements*, 700 F.3d 993, 1012 (7th Cir. 2012) (emphasis added); *see also Huizar v. Carey*, 273 F.3d 1220, 1223 (9th Cir. 2001) ("A prisoner who delivers a document to prison authorities gets the benefit of the prison mailbox rule, so long as he diligently follows up once he has failed to receive a disposition from the court after a reasonable period of time.").[3] "[I]t is of course incumbent upon the petitioner to

---

[3] The Eleventh Circuit has found that a district court can consider "any and all relevant circumstances, including any lack of diligence on the part of [a defendant] in following up in a manner that would be expected of a reasonable person in his

diligently pursue his petition," and "[a] failure to inquire about a lost petition is strong evidence that the petition was, in fact, never sent." *Stoot v. Cain*, 570 F.3d 669, 672 (5th Cir. 2009) (considering a state habeas petition under Louisiana law).

When the date on which a petition was given to prison officials is unclear, the Fifth Circuit generally remands the case to give the petitioner an opportunity to prove timely filing if the district court has not previously granted such an opportunity. *See Thompson*, 993 F.2d at 515–16 (5th Cir. 1993) (remanding case to allow appellant the opportunity to prove that his objections were filed in a timely manner); *Logan v. Cent. Freight Lines*, 858 F.2d 993, 994 (5th Cir. 1988) (finding appellant "can make use of the prison mail logs to prove that he tendered the notice of appeal, for mailing, on or before the deadline"); *Thompson v. Montgomery*, 853 F.2d 287, 288 (5th Cir. 1988) (remanding case for reconsideration of timeliness issue while noting that appellant's assertion that he mailed his notice of appeal on time was unsupported by the record).

McDonald's judgment of conviction became final when the Supreme Court denied certiorari. Therefore, McDonald was required to file his § 2255 Motion by

---

circumstances, in deciding whether the notice was delivered to the prison authorities." *Allen v. Culliver*, 471 F.3d 1196, 1198 (11th Cir. 2006). The Eleventh Circuit explained that the burden of proof should be placed upon the state if the defendant "show[ed] by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of the deposit and state that first class postage has been prepaid." *Id.* at 1198–99 (citation modified). The diligence inquiry is only required when it is unclear whether or when the defendant gave the petition to prison officials. *See id.*

October 3, 2024.  He claims he provided his § 2255 Motion to prison officials for mailing on September 29, 2024, but the Court never received it.

The Court gave McDonald additional time to provide more information and evidence supporting his claim that he timely mailed his Motion, but he chose not to take advantage of that opportunity.  Thus, McDonald has not provided any evidence or testimony concerning whether he provided the correct address and postage, and he has not established that he complied with the prison's mailing regulations.  He also has not provided any evidence corroborating his claim that he timely gave the Motion to prison officials for mailing.  He did not act diligently in following up on whether the Court received his Motion because he waited over nine months.  Finally, the Court received all other motions and correspondence mailed by McDonald, so there is no indication that the prison was improperly handling his mail.  For all of these reasons, the Court finds that McDonald has not demonstrated that he timely filed his Section 2255 Motion.

## II.  EQUITABLE TOLLING

McDonald requests equitable tolling of the statute of limitations.  "The doctrine of equitable tolling preserves  . . . claims when strict application of the statute of limitations would be inequitable."  *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (per curiam).  The doctrine "only applies in 'rare and exceptional circumstances.'"  *Eneugwu v. Garland*, 54 F.4th 315, 319 (5th Cir. 2022) (quoting *United States v. English*, 400 F.3d 273, 275 (5th Cir. 2005)).

The party seeking tolling has the burden of proof.  *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002).  A prisoner "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *United States v. Cardenas*, 13 F.4th 380, 382 (5th Cir. 2021) (citation modified).  "The diligence required to invoke equitable tolling is "reasonable diligence, . . . not maximum feasible diligence[.]"  *Holland v. Florida*, 560 U.S. 631, 653 (2010) (citation modified).  The diligence requirement "covers those affairs within the litigant's control."  *Menominee Indian Tribe v. United States*, 577 U.S. 250, 257 (2016).  The Fifth Circuit has held that a defendant's delay of more than four months did not constitute reasonable diligence.  *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001).

Here, McDonald's § 2255 Motion was due on October 3, 2024.  He claims he gave his § 2255 Motion to prison officials for mailing on September 29, 2024.  He waited until July 7, 2025, over nine months, before he asked the Court to provide the status of that alleged Motion.  McDonald is not entitled to equitable tolling because he has not shown that he diligently pursued his rights.

## CONCLUSION

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [331] Motion to Vacate Sentence under 28 U.S.C. § 2255 filed by Lamar McDonald is **DENIED**. The Court will enter a final judgment as required by Fed. R. Civ. P. 58(a).

-10-

**SO ORDERED AND ADJUDGED** this the 1st day of April, 2026.

_s/ Louis Guirola, Jr._

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE